Wsight, J.,
delivered the opinion of the Court.
The question presented in this record is, whether the lien of the landlord upon the crop made on the premises to secure the payment of the debt for rent, given by the act of 1825, ch. 31, is superior to the claim of the debtor under the laws of the State exempting certain property from execution ? It has been repeatedly held that the proper mode of enforcing this lien is by judgment and execution against the tenant by the landlord, and that it must be levied on the crop growing or made on the rented premises. Davis v. Parks, 6 Yer., 252-260; Hardeman v. Shumate, Meigs’ Rep., 398-403. This was done in this case, anu the proper steps taken to maintain and enforce the lien under the statute.
But it is argued for George, the tenant, that the lien does not exist between landlord and tenant, but only as between the landlord and other creditors of the tenant; and that if this be not so, still that if the tenant only have left the corn allowed him by the exemption laws of the State, the same cannot be taken to satisfy the landlord, though grown upon the rented premises.
Neither of these positions can be maintained. The statute gives the lien directly against the tenant as well as his other creditors.
It grows out of the renting, and the relation of landlord and tenant, and in the very nature of the case must be superior to the right of the tenant. The position of the tenant is, in this respect, analogous to the claim of the mechanic’s lien or widow’s dower, asserted *397 against the lien of the vendor of real estate. Will there be no lien if the tenant raise no more corn than the law allows him? Was this the meaning of the statute? And will not such a construction operate, in fact, to the prejudice of the poor, and prevent them from so readily renting lands or getting homes?
The act of 1856, ch. 77, (Acts 1855-6, page 89,) is general in its terms, and does not, in our opinion, repeal or modify the act of 1825, ch. 31, or in any way impair the lien of the landlord under that statute. The two acts may well stand together.
Judgment reversed, and cause remanded.